In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00201-CV**

_____

**IN RE ALTO V. WATSON III**

_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

Relator, Alto V. Watson III (Watson or Relator), claims that the trial court abused its discretion in ruling from the bench that Watson was not entitled to depose Paul Chargois and Amy Delgado, Real Parties in Interest (Chargois, Delgado, or Real Parties), about net worth until after Watson obtains a jury verdict on liability and then also limiting that deposition to 45 minutes. On May 28, 2015, Relator filed a Petition for Mandamus and a request for emergency relief to stop a deposition of Chargois which Relator was scheduled to take that morning. This court denied the request for emergency relief. Relator states that the trial court has denied all pre-trial discovery on the issue of net worth. It is unclear from the

1

attachments Relator filed with his Petition whether or not the trial court denied other pretrial discovery regarding net worth. Relator states in his Petition that the defendant has agreed to produce a financial statement. But, no statement had been produced at the time Relator filed his Petition. While the Petition for Mandamus was pending, Chargois produced a financial statement to Relator, but Relator contends in a supplemental filing with this Court that the financial statement is inadequate. Relator has not presented his objection to the financial statement to the trial court.

According to the record currently before us, the trial court previously entered an order dated November 13, 2014, wherein it ruled upon various objections to the Relator's written discovery served on the Real Parties. Therein, the trial court expressly states that Defendant Chargois is to produce a financial statement to the Relator and the parties were to enter into a protective order relating thereto. Thereafter, on April 7, 2015, the parties executed and the trial court signed a Confidentiality Stipulation and Protective Order.

Mandamus relief is appropriate when a trial court abuses its discretion and there is no adequate remedy by appeal. *See Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh

2

the detriments, appellate courts must consider whether the appellate remedy is adequate." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004). Generally, a trial court should limit discovery methods to those which are more convenient, less burdensome, and less expensive, or when the burden or expense of the proposed discovery outweighs its likely benefit. *See* Tex. R. Civ. P. 192.4. "Conducting mandamus review of all limitations placed on discovery would risk unduly burdening the courts and result in delay in resolution of the dispute." *In re Michael A. Kaplan, M.D., P.A.*, No. 09-08-075-CV, 2008 Tex. App. LEXIS 1418, *1 (Tex. App. Beaumont Feb. 25, 2008) (orig. proceeding) (mem. op.). Relator has a remedy by ordinary appeal.[1] *See id.*

Under the circumstances, we conclude that the detriments to mandamus review outweigh any benefits. *See* Tex. R. Civ. P. 192.4. On this record, Relator has not shown an abuse of discretion for which an appeal would be an inadequate remedy. The request for emergency stay and the petition for writ of mandamus are denied.

---

[1]Because we dispose of this mandamus proceeding on the ground that Relator has an adequate appellate remedy, and the parties' pre-trial discovery appears to be on-going, we express no opinion on whether the trial court abused its discretion in its bench ruling.

PETITION DENIED.

PER CURIAM

Submitted on June 12, 2015
Opinion Delivered June 17, 2015

Before Kreger, Horton, and Johnson, JJ.